UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SJ LOUIS CONSTRUCTION OF TEXAS, LTD | * * * * | CIVIL ACTION NO: _____ |
| VERSUS | * * | |
| COVENANT GENERAL CONTRACTORS, INC | * * * * | |

## MOTION TO VACATE ARBITRATION AWARD

NOW INTO COURT through undersigned counsel come plaintiff, SJ Louis Construction of Texas, Ltd ("SJ Louis") who files this motion with exhibits from an arbitration hearing to vacate an arbitration award rendered in this judicial district as follows:

### I. PARTIES AND JURISDICTION

1.

Plaintiff, SJ Louis is a Texas corporation with its principal place of business located at 520 6th Ave. South, Mansfield, Texas 76063.

2.

Defendant, Covenant General Contractors, Inc. ("Covenant") is a Louisiana corporation with its principal place of business located at 3213 Monterrey Dr # C, Baton Rouge, LA 70814.

3.

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists as the plaintiff is a citizen of the State of Texas and the defendant is a citizen of the State of Louisiana. Moreover, as detailed herein, the amount in controversy exceeds $75,000.00.

1

4.

Because the Court's jurisdiction in this matter is based on diversity of citizenship, venue is proper in this Court because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…". See, 28 U.S.C. § 1391(a). SJ Louis and Covenant participated in an arbitration which occurred in this judicial district concerning a dispute between the parties arising out of a contract performed in its entirety in this judicial district.

## II.  FACTUAL SETTING

5.

This motion to vacate arbitration award arises from a contract styled *Standard Subcontract Agreement* ("Subcontract") dated June 22, 2012 between Covenant (as Subcontractor) and SJ Louis (as Contractor), under which Covenant undertook to perform certain concrete work for SJ Louis on a project in East Baton Rouge Parish, Louisiana, described as *Central Consolidation Pump Station 42 Force Main, Phase 2* ("Project") which was owned by City of Baton Rouge and Parish of East Baton Rouge ("Owner"). (The Subcontract is attached hereto and was entered into evidence at the arbitration as SJ Louis No. 1.) The dispute between Covenant and SJ Louis related to Covenant's allegations of non-payment by SJ Louis for concrete work allegedly performed by Covenant.

6.

At arbitration, Covenant sought an award for sums due and allegedly unpaid by SJ Louis under the Subcontract ($278,089.98) plus interest, statutory penalties, attorneys' fees, and arbitration costs.

7.

SJ Louis denied all of Covenant's claims and sought an award of its attorneys' fees and arbitration costs.

8.

Evidentiary hearings were conducted in Baton Rouge, Louisiana on March 22, 2023, during which each party presented documents and witness testimony. The parties made post-hearing submissions on April 5, 12, and 19, 2023. The arbitrator published his Award to the parties on May 10, 2023 which unlawfully awarded damages in the principal amount of $210,740.15 plus pre-Award interest, post-Award interest and costs for a total award amount as of May 10, 2023 of $306,358.15. (A copy of the Award is attached)

### III.  BRIEF SUMMARY OF EVIDENCE

9.

On or about June 22, 2012, SJ Louis entered into the Subcontract with Covenant, under which Covenant agreed to perform specified concrete work. The Subcontract identified five (5) different work items, with unit prices and estimated quantities for each. The Subcontract was price $129,000.00.

10.

During the course of the Project, Covenant submitted nine (9) periodic payment applications, the first of which was dated May 24, 2013, and the last of which was dated July 31, 2014. (Covenant's payment applications 1-9 are attached hereto and were entered into evidence at the arbitration as SJ Louis Nos. 6-14) Each Application included a description of the work performed during the period, stated a gross amount earned with a 5% reduction for retainage, and a net amount requested. Each payment application included amounts for work performed by Covenant pursuant to the Subcontract and also included separate amounts for work performed by Covenant outside the scope of the Subcontract ("Change Order Work"). The Subcontract work

and the Change Order Work were identified as separate categories by Covenant on each payment application.

11.

In conjunction with each of Covenant's payment applications numbered 1 through 6, SJ Louis prepared summary sheets titled Partial Payment Estimate for Subcontractor ("PPE") wherein SJ Louis listed "work completed" during the payment period and itemized the quantities that were approved for payment. (The PPEs are attached and were entered into evidence at the arbitration as part of SJ Louis Nos. 6-11). In response to Covenant's Applications 1-6, SJ Louis paid Covenant the aggregate sum of $150,012.12. In accordance with the Subcontract, SJ Louis withheld retainage from Covenant in the amount of $21,146.17.

12.

The payment applications delivered to SJ Louis by Covenant represented the only notice to SJ Louis of (i) the total amount of Covenant's claim and (ii) the amount of Change Order Work as distinguished from Subcontract work comprising the total amount of Covenant's claim against SJ Louis.[1]

13.

During the arbitration and without prior notice to SJ Louis or the American Arbitration Association, Covenant, for the first time, claimed that the amounts it sought to recover from SJ Louis arose from "extra work" (i.e., not work performed pursuant to the Subcontract) resulting

---

[1] Besides the payment applications, SJ Louis acknowledges receipt of several letters from Covenant to SJ Louis which amounted to Covenant's "running total" of what Covenant was due following payments received from SJ Louis. These letters included total amounts allegedly due without a breakdown of amounts due for Subcontract work and Change Order Work (Covenant's letters are attached and were entered into evidence at the arbitration as part of SJ Louis No. 10-14.) (SJ Louis's notices to Covenant regarding its defect work are attached and were introduced as evidence at the arbitration hearing as SJ. Louis Nos. 20 and 22.)

4

from Covenant's allegation that SJ Louis broke existing concrete that was replaced by Covenant and not included in the Subcontract. The only evidence provided by Covenant in support of this claim was the testimony of Covenant's president. Covenant's payment applications did not include, address or reference the "extra work", Covenant sought to recover for the first time and without notice to SJL in the arbitration.

14.

Despite the lack of any corroborating evidence for this claim, despite the manifest violation of the AAA rules governing the arbitration proceeding requiring prior notice of the claim to SJ Louis and despite the wholesale contradiction between the claim and the payment applications delivered to SJ Louis by Covenant during the course of the work, the arbitrator awarded damages to Covenant. The arbitrator's award must therefore be vacated pursuant to the exclusive statutory grounds for vacating an arbitration award are listed in La. R.S. 9:4210 as follows:

> A. Where the award was procured by corruption, fraud, or undue means.
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[2]

All as described herein and in the attached memorandum in support of this motion to vacate.

---

[2] Additionally, some Louisiana courts have acknowledged a jurisprudentially-created ground for vacating an arbitration award, "manifest disregard of the law." See, *Welch v. A.G. Edwards & Sons, Inc.,* 95-2085, pp. 5-6 (La. App. 4 Cir. 5/15/96), 677 So.2d 520, 524.

## IV. CLAIMS FOR RELIEF

15.

Due to the foregoing and as more fully developed in the memorandum in support of motion to vacate, SJ Louis seeks relief in the form of a judgment vacating the Award in its entirety and that this matter be remanded back to the American Arbitration Association Case No. 01-22-0000-9643 with instructions that the AAA replace the existing arbitrator and order Covenant to provide timely notice of its claim for "extra work" and thereby provide SJ Louis with the requisite time to defend said claim at a subsequent arbitration hearing.

WHEREFOR SJ Louis Construction of Texas, Ltd. prays for a judgment vacating the Award in its entirety and remanding this matter back to the American Arbitration Association Case No. 01-22-0000-9643 with instructions that the AAA replace the existing arbitrator and order Covenant to provide timely notice of its claim for "extra work" and thereby provide SJ Louis with the requisite time to defend said claim at a subsequent arbitration hearing and such other relief as may be appropriate considering the premises.

**SIGNATURE ON NEXT PAGE**

Respectfully submitted,

ROBINSON LAW FIRM
J. Mark Robinson, Attorney at Law, L.L.C.
412 North 4th Street, Room 260
Baton Rouge, LA 70802
225.246.2133 (telephone)
225.246.2244 (facsimile)
mark@markrobinsonlawfirm.com

BY: _____
   J. Mark Robinson (LBN: 21058)


Phil Jacob Vallakalil (PHV pending)
Texas Bar No. 24086840
S.J. Louis Construction of Texas, Ltd.
520 S. 6th Avenue
Mansfield, TX 76063
817.477.0320 (telephone)
817.477.0552 (facsimile)
philipsv@sjlouis.com
*Attorneys for Plaintiff*