# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SJ LOUIS CONSTRUCTION OF TEXAS LTD | CIVIL ACTION |
| VERSUS | 23-693-SDD-EWD |
| COVENANT GENERAL CONTRACTORS, INC. | |

## RULING

This matter is before the Court on two motions, both filed by Defendant Covenant General Contractors, Inc. ("Covenant"). The first is a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which additionally requests reinstatement of the proceedings and an "enlargement of time to file opposition to Plaintiff's Motion to Vacate Arbitration Award."[1] The second is a Motion for Leave to File Out-Of-Time Response Brief to Plaintiff's Motion to Vacate Arbitration Award.[2] Plaintiff SJ Louis Construction of Texas LTD ("SJ Louis") filed a combined Opposition to both Motions.[3] For the reasons that follow, the Motions will be denied.

I. **BACKGROUND**

In May of 2023, Covenant was awarded monetary relief in an arbitration proceeding against SJ Louis in connection with a contractual dispute.[4] On August 9, 2023, SJ Louis initiated this action by filing a Motion[5] to Vacate the arbitration award. Nearly one year later, with no responsive pleadings having been filed by Covenant, SJ Louis filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure ("Rule")

---

[1] Rec. Doc. 29.
[2] Rec. Doc. 31.
[3] Rec. Doc. 32.
[4] *See* Rec. Doc. 1-2.
[5] Rec. Doc. 1.

41(a)(1)(A)(i).[6] The same day, the Court entered an Order reflecting that the action was voluntarily dismissed without prejudice.[7]

Covenant filed the instant Motion for Reconsideration to request that the Court "reconsider its dismissal order, reinstate this proceeding, and grant Covenant leave to file a response brief to Plaintiff's Motion to Vacate."[8] Relatedly, Covenant also filed a Motion for Leave to File Out-Of-Time Response Brief to Plaintiff's Motion to Vacate Arbitration Award.[9]

## II. LAW AND ANALYSIS

When a motion for reconsideration "'calls into question the correctness' of the judgment," the Court considers it under Rule 59(e).[10] "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[11] "'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[12] "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[13] "Courts have considerable discretion in deciding whether to grant such a motion."[14]

Covenant argues "that it was error for the Court to dismiss this case without giving Covenant the opportunity to present briefing and argument on Plaintiff's Motion to Vacate

---

[6] Rec. Doc. 26.
[7] Rec. Doc. 27.
[8] Rec. Doc. 29.
[9] Rec. Doc. 31.
[10] *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)).
[11] *Id.* (quoting *Templet*, 367 F.3d at 479).
[12] *Id.*
[13] *Id.*
[14] *Calloway v. Pinkey,* 2024 WL 1237056, at *1 (M.D. La. Mar. 14, 2024) (citing *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Arbitration Award."[15] This argument lacks merit. SJ Louis voluntarily dismissed this action under Rule 41, which provides that "the plaintiff may dismiss an action *without a court order* by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[16] As Plaintiff, SJ Louis "has an 'absolute right' to a Rule 41(a)(1) dismissal, and '[t]he effect of [a Rule 41(a)(1)] dismissal is to put the plaintiff in a legal position as if he had never brought the first suit.'"[17] Moreover, "[t]he notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required."[18] Accordingly, it was the Plaintiff's Notice of Voluntary Dismissal, not the Court's subsequent Order of dismissal, that terminated this case. Because Plaintiff's Notice of Voluntary Dismissal was self-effectuating, there is essentially nothing for the Court to reconsider.

Covenant further argues:

> [I]t is unclear from the Court's earlier text entry Order (Rec. Doc. 25) whether the Court has ruled on the substance of Plaintiff's Motion to Vacate Arbitration Award. If so, it would be unfair and prejudicial to Covenant to have a ruling on the substance in place without Covenant having an opportunity to present briefing and argument, particularly when the parties were working on a joint status report to set briefing and argument deadlines.[19]

---

[15] Rec. Doc. 29-1, p. 3.
[16] Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added).
[17] *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005) (quoting *Carter v. United States,* 547 F.2d 258, 258–59 (5th Cir.1977); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 603 (5th Cir.1976)). See also *Ford v. Sharp*, 758 F.2d 1018, 1023–24 (5th Cir.1985) (explaining that "[i]f a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed").
[18] *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015), *as revised* (May 15, 2015) (citing *Qureshi v. United States,* 600 F.3d 523, 525 (5th Cir.2010); *Am. Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (3d ed.2014) ("Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the cases seem to make it clear that the notice is effective at the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the district judge may not impose conditions." (footnotes omitted)).
[19] Rec. Doc. 29-1, p. 3.

This argument also lacks merit. The text Order[20] which Covenant refers to was entered in response to SJ Louis' Motion for Extension of Time to File Joint Status Report.[21] The Order entered by the Magistrate Judge states: "The May 30, 2024 scheduling conference is CANCELED considering the Motion to Vacate Arbitration Award, to which no timely opposition has been filed. No status report is due at this time. The Motion for Extension is DENIED in all other respects."[22] This text Order in no way rules on the merits of Plaintiff's Motion to Vacate; the only relief it grants is the cancellation of the scheduling conference.

> In the words of the Fifth Circuit,
>
>> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.[23]

Further, "[a]fter the notice of voluntary dismissal is filed, the district court loses jurisdiction over the case."[24]

Here, SJ Louis filed the Notice after Covenant had failed to file an answer or motion for summary judgment for nearly a year after the initiation of the action. The Notice closed the case, and Covenant has no grounds to request reopening of the case so that it can

---

[20] Rec. Doc. 25.
[21] Rec. Doc. 24.
[22] Rec. Doc. 25.
[23] *Am. Cyanamid Co.*, 317 F.2d at 297.
[24] *In re Amerijet Int'l, Inc.*, 785 F.3d at 973.

now respond to the Motion to Vacate, which it failed to do for almost a full year prior to SJ Louis' voluntary dismissal.

### III.    CONCLUSION

For the foregoing reasons, the Motion for Reconsideration[25] and Motion for Leave to File Out-Of-Time Opposition[26] filed by Defendant Covenant General Contractors, Inc. are DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 6th day of December, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. 29.
[26] Rec. Doc. 31.